COURT OF APPEALS
DECISION
DATED AND FILED

July 7, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1272**

STATE OF WISCONSIN

Cir. Ct. No. **2022CV7290**

IN COURT OF APPEALS
DISTRICT I

---

JACQUELINE BRINSON,

PLAINTIFF-APPELLANT,

V.

CITY OF WEST ALLIS, CHIEF PATRICK MITCHELL, DETECTIVE SHARIF SAID, CORPORAL PAUL TAYLOR AND DETECTIVE LORI BELLI,

DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Milwaukee County: J.D. WATTS, Judge. *Affirmed.*

Before Colón, P.J., Geenen, and Petrashek, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jacqueline Brinson appeals the order dismissing her action against the City of West Allis. She asserts that the circuit court applied the incorrect limitations period for two federal claims under 42 U.S.C. § 1983 and incorrectly concluded that seven state law claims did not comply with statutory notice of claim requirements. We reject these arguments and affirm.

## BACKGROUND

¶2 On July 19, 2019, Brinson was driving in West Allis with her granddaughter. She was attempting to locate her brother's house and executed a Y-turn by pulling into a driveway near South 86th Street and West National Avenue. Soon after, West Allis Police Department (WAPD) Detective Sharif Said pulled over Brinson's vehicle, informing Brinson that she had driven in the parking lane for too long. Detective Said was surveilling a house near South 86th Street as part of an undercover drug investigation and believed he observed someone approach Brinson's vehicle when she entered the driveway during her Y-turn. After observing Brinson swerving between the parking and driving lanes on West Lincoln Avenue, he activated his unmarked police vehicle's emergency lights and siren, and stopped Brinson after she turned onto South 92nd Street.

¶3 According to Detective Said, Brinson reported getting lost, but she did not mention that she had turned around in a driveway. After questioning Brinson, Detective Said asked her to exit her vehicle, handcuffed her, had her sit on the curb, and called for additional police support. Brinson consented to a search of her vehicle and of her person. Later, after Brinson provided additional explanation for the Y-turn, she was released with a warning.

¶4 On July 30, 2019, Brinson sent a Freedom of Information Act (FOIA) request to WAPD for copies of all documents and videos related to the

2

traffic stop. WAPD responded to her request on August 22, 2019, and provided records responsive to her request under the public records law.[1]

¶5 Just under three years later, on July 15, 2022, Brinson submitted a notice of injury and a notice of claim, pursuant to WIS. STAT. § 893.80(1d)(a)-(b) (2023-24),[2] to the City by certified mail. She described the traffic stop and sought relief for several tort claims and for alleged violations of her federal and state civil rights. She declared her damages to be $1 million.

¶6 On November 15, 2022, Brinson filed the instant action in Milwaukee County Circuit Court against the City, WAPD Chief Patrick Mitchell, and unknown officers. She alleged two federal claims: violation of her civil rights under 42 U.S.C. § 1983; and *Monell*[3] liability by the City and WAPD for failing to train and supervise officers and condoning racial profiling in traffic stops. She also alleged seven state law claims, consisting of violations of the Wisconsin Constitution's provisions regarding due process, unreasonable search and seizure, and equal protection; negligence; negligent hiring, training, and promotion; false imprisonment; and intentional infliction of emotional distress. On January 19, 2023, Brinson filed an amended complaint to name the three WAPD officers involved in the traffic stop.

---

[1] We note that Brinson's request for records was labeled a Freedom of Information Act (FOIA) request; however, that is a federal process and not one used by state or local governments. Instead, West Allis Police Department treated her request as one for public records and responded accordingly. We adopt the language used by the parties to refer to this as the FOIA request.

[2] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

[3] *See Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

3

¶7    The City moved for summary judgment, arguing that Brinson's action was filed outside of the applicable statute of limitations. After a series of hearings, the circuit court granted summary judgment to the City and dismissed all of Brinson's claims with prejudice. The court concluded that the three-year limitation period in WIS. STAT. § 893.53 applied to her two federal 42 U.S.C. § 1983 claims. Because Brinson's lawsuit was filed more than three years after her cause of action accrued, her action was untimely and had to be dismissed. The court concluded that Brinson's seven state law claims must also be dismissed because she did not comply with the notice requirements in WIS. STAT. § 893.80(1d)(a). Specifically, the court concluded Brinson failed to provide notice of her injury "[w]ithin 120 days after the happening of the event giving rise to the claim," as required by § 893.80(1d)(a).[4] The court also concluded that it was appropriate to bar the state law claims for the lack of notice, as Brinson had not met her burden of showing the failure to provide notice did not prejudice the City. Brinson appeals following the denial of her motion for reconsideration.

---

[4] Before a person can file an action against a government body, such as the City, that person must comply with WIS. STAT. § 893.80, which requires that the person serve a notice of injury and a notice of claim. Sec. 893.80(1d). The notice of injury has four elements: "proper timing (within the first 120 days), proper service under [WIS. STAT.] § 801.11 (governing service of process in civil actions), proper signatory, and a description 'of the circumstances of the claim.'" *Clark v. League of Wis. Muns. Mut. Ins. Co.*, 2021 WI App 21, ¶13, 397 Wis. 2d 220, 959 N.W.2d 648 (quoting § 893.80(1d)(a)).

The person must also present a notice of claim, which itemizes the relief sought, and must be disallowed before an action can be filed. WIS. STAT. § 893.80(1d)(b). The government body may serve a notice of disallowance or, if it does not, the claim is deemed disallowed after 120 days. Sec. 893.80(1g). Because an action filed before the claim was disallowed would be dismissed as premature, the 120-day waiting period is a "statutory prohibition" that stays the running of the statute of limitation, and the resulting statute of limitation on personal injury actions against a government body is three years and 120 days. WIS. STAT. § 893.23; *Colby v. Columbia Cnty.*, 202 Wis. 2d 342, 357, 362, 550 N.W.2d 124 (1996).

**DISCUSSION**

¶8    Whether a moving party was entitled to summary judgment is a question of law that we review independently. *Tews v. NHI, LLC*, 2010 WI 137, ¶40, 330 Wis. 2d 389, 793 N.W.2d 860. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶9    "Notwithstanding a dispute on the merits, a defendant may be entitled to summary judgment by establishing that the action was not filed within the limitations period set forth in the statute of limitations." *Paul v. Skemp*, 2001 WI 42, ¶9, 242 Wis. 2d 507, 625 N.W.2d 860. "The running of the statute of limitations turns on when the claims accrue, as compared to when the action is filed." *Id.*, ¶15. Here, Brinson does not dispute that her claim accrued on July 19, 2019, the date of the traffic stop, and that she filed her action in the circuit court on November 15, 2022.

¶10    Brinson asserts that the circuit court erred by granting summary judgment in favor of the City because both her federal and state law claims were timely under the applicable statute of limitations. First, she argues that the filing of her federal claims was unavoidably delayed by the 120-day disallowance period required under WIS. STAT. § 893.80(1g) for her state law claims; therefore, her federal claims should be given the same extended statute of limitations as her state law claims. Second, Brinson asserts that she satisfied the notice of injury requirement through actual notice and that she sufficiently demonstrated that the

City was not prejudiced by the failure to provide a statutory notice. We reject both arguments.

> I. *The circuit court properly dismissed as untimely Brinson's federal law claims.*

¶11 Brinson's first argument is that the limitations period for her federal claims should be the same as the limitations period for her state claims. That is, she contends she should benefit from the stay of the statute of limitations during the 120-day disallowance period under both sets of claims. She asserts that **Felder v. Casey**, 487 U.S. 131, 139 (1988), holds that courts should borrow the relevant state statute of limitations for 42 U.S.C. § 1983 claims, and that any application of state law should be assessed "in light of the purpose and nature of the federal right" protected by § 1983.[5]

¶12 While we agree that **Felder** informs the applicable statute of limitations, we disagree that it requires or even allows this court to apply the 120-day stay to Brinson's 42 U.S.C. § 1983 claims. The United States Supreme Court concluded that state notice of claim requirements conflict with the purpose and objectives of § 1983 litigation and place a burden on civil rights litigation in state court that is absent in federal court. **Felder**, 487 U.S. at 138, 141. Therefore, notice of claim requirements are pre-empted by federal law and may not be applied to § 1983 litigation brought in federal or state courts. **Felder**, 487 U.S. at 134, 138.

---

[5] The United States Supreme Court clarified that the statute of limitation for 42 U.S.C. § 1983 claims is the statute for personal injury torts in the state where the action arose. **Wallace v. Kato**, 549 U.S. 384, 387 (2007). In Wisconsin, the statute of limitation for "injury to the character or rights of another" is within three years of the accrual of the claim. WIS. STAT. § 893.53.

¶13    Brinson argues that it was contrary to *Felder* that different limitations periods should apply to her claims, asserting that state procedural rules cannot be interpreted to foreclose a federal right under 42 U.S.C. § 1983. While it is true that there are different time limitations affecting Brinson's state and federal claims, Brinson is incorrect that her federal claims are being burdened here by a state procedural rule. Instead, *Felder* holds that her federal claims are free from the "condition precedent to recovery" imposed by notice of claim procedural requirements in WIS. STAT. § 893.80.

¶14    *Felder* does not mandate expanding the limitations period for 42 U.S.C. § 1983 actions based on the existence of different limitations periods for state law claims that might be joined with a § 1983 claim. The inconsistency the Supreme Court was concerned about was not the possibility of a plaintiff having to deal with different limitations periods for different claims, but rather the idea that application of the notice of claim statute in the enforcement of § 1983 actions will "frequently and predictably produce different outcomes in federal civil rights litigation based solely on whether that litigation takes place in state or federal court." *Felder*, 487 U.S. at 141.

¶15    Brinson's argument turns *Felder* on its head. She seeks the benefit of a 3-year-and-120-day limitations period for her 42 U.S.C. § 1983 claims in state court pursuant to *Colby v. Columbia Cnty.*, 202 Wis. 2d 342, 357, 550 N.W.2d 124 (1996), while acknowledging it "may be true" that if she had brought her § 1983 claims in federal court, they would have been subject to only the three-year limitations period in WIS. STAT. § 893.53. Moreover, Brinson seeks the advantage of an additional 120 days to file for the running of a disallowance period that, under *Felder*, can never apply to her § 1983 claims. We cannot agree with

Brinson's assertions regarding the applicable limitations period for her federal law claims.[6]

¶16 Brinson argues that she "had no choice" to wait to file her action until after the 120-day disallowance period because it included state law claims that were subject to WIS. STAT. § 893.80. While it is true that any state law claims filed before disallowance likely would have been dismissed, Brinson fails to demonstrate why her action could not proceed in two stages. Notably, Brinson does not respond to the City's assertion that she could have timely commenced an action advancing solely her federal law claims, later amending her pleading to add her state law claims if and when they were disallowed.[7]

¶17 We therefore agree with the City that Brinson had the choice to litigate this action within the statute of limitations. *See **Board of Regents of Univ. of State of N.Y. v. Tomanio***, 446 U.S. 478, 488 (1980) (concluding that state rules did not affect the 42 U.S.C. § 1983 policy goals of "recovering compensation and fostering deterrence" when the plaintiff could "still readily enforce their claims … simply by commencing their actions within three years"). The City was

---

[6] Brinson appears to argue that the statute of limitation should be tolled. However, Wisconsin's tolling statute, WIS. STAT. § 893.13, applies only to commenced actions. *Colby*, 202 Wis. 2d at 362. Brinson's 42 U.S.C. § 1983 claims were not commenced within the statute of limitations and thus the limits could not be tolled. She also misinterprets **Board of Regents of University of State of New York v. Tomanio**, 446 U.S. 478 (1980). There, the Supreme Court concluded that it would not impair the "principal policies embodied in § 1983 as deterrence and compensation" to apply the relevant state law on tolling, and not a more generous federal statute. **Board of Regents**, 446 U.S. at 488. Wisconsin's tolling statute does not apply to Brinson's un-commenced action.

[7] Brinson did not file a reply brief in this matter. We consider her failure to reply as a concession that she could have filed her federal and state claims in two stages. *See **United Co-op. v. Frontier FS Co-op.***, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578.

entitled to summary judgment on Brinson's federal claims because they were untimely filed.

> II.     *The circuit court properly dismissed Brinson's state law claims for noncompliance with WIS. STAT. § 893.80.*

¶18     Next, Brinson argues that her state law claims were improperly dismissed after the circuit court concluded she failed to satisfy the notice of injury requirement in WIS. STAT. § 893.80(1d)(a).  When a government body asserts that a plaintiff has not complied with § 893.80(1d)(a) as a defense to a filed action, "[t]he plaintiff has the burden of proving ... actual notice and the nonexistence of prejudice." *Elkhorn Area Sch. Dist. v. East Troy Cmty. Sch. Dist.*, 110 Wis. 2d 1, 5, 327 N.W.2d 206 (Ct. App. 1982).  Whether a government body had actual notice of a plaintiff's claim and the nonexistence of prejudice present mixed questions of fact and law.  *E-Z Roll Off, LLC v. County of Oneida*, 2011 WI 71, ¶¶17-18, 335 Wis. 2d 720, 800 N.W.2d 421.  Whether the undisputed facts demonstrate actual notice or prejudice are questions of law we review independently.  *Id.*

> **A.     The circuit court properly concluded that the FOIA request did not suffice as actual notice for purposes of WIS. STAT. § 893.80(1d)(a).**

¶19     Brinson argues that the July 30, 2019 FOIA request she filed with the WAPD satisfied the actual notice requirement as to the City.  The City, relying on affidavits from WAPD officials, asserts that the FOIA request was insufficient because it did not provide notice of potential litigation or trigger an investigation into the traffic stop.  Collectively, WAPD officials attested that generally, investigations into police conduct are not initiated by public records requests and

9

specifically, this traffic stop was not investigated prior to service of Brinson's notice of claim in July 2022.

¶20 The circuit court found that "the FOIA letter did not clearly convey that Brinson intended to hold the City liable or define sufficiently the basis or extent of the potential claims." The circuit court concluded that the affidavits demonstrated that the FOIA request did not lead to the commencement of a contemporaneous internal investigation, nor was there any citizen complaint regarding the traffic stop before Brinson's July 2022 notice of claim.[8]

¶21 To employ the savings clause for a notice of injury under WIS. STAT. § 893.80(1d)(a), "actual notice must be 'of the claim,' rather than of the mere 'circumstances' that may later give rise to a claim" as is required in the primary notice requirements. *Clark v. League of Wis. Muns. Mut. Ins. Co.*, 2021 WI App 21, ¶¶14, 20, 397 Wis. 2d 220, 959 N.W.2d 648 (quoting § 893.80(1d)(a)). Because the FOIA request did not alert the City to possible litigation, it did not fulfill the purpose of a notice of claim, "to enable governmental entities to promptly investigate and evaluate the underlying circumstances that may later give rise to a claim." *Id.*, ¶12. We agree with the circuit court and conclude that Brinson did not satisfy the requirement of actual notice.

---

[8] Brinson suggested that a date listed on the printout of Detective Said's traffic stop report raised an inference that an investigation occurred on August 6, 2019. After Detective Said filed an affidavit stating that he only worked on the report on July 19, 2019, and that the date field in question reflected when the report was printed, the circuit court concluded that there was no record of an investigation of the traffic stop.

**B.** **The circuit court properly concluded that Brinson failed to demonstrate lack of prejudice to the City as a result of the late notice.**

¶22 The City concedes it received actual notice of Brinson's alleged injury in July 2022. An "action must be dismissed unless the plaintiff can prove 'that the delay or failure to give the requisite notice has not been prejudicial to the defendant.'" *Moran v. Milwaukee Cnty.*, 2005 WI App 30, ¶3, 278 Wis. 2d 747, 693 N.W.2d 121 (quoting WIS. STAT. § 893.80(1)(a) (2005-06)[9]). Prejudice in this context refers to a delay which results in a government body being unable to adequately investigate claims. *See E-Z Roll Off, LLC*, 335 Wis. 2d 720, ¶49.

¶23 Here, the circuit court determined that Brinson's failure to provide timely notice of the incident prejudiced the City's ability to conduct a sufficient investigation. The delayed notice denied the City an opportunity to promptly investigate the traffic stop, to evaluate potential costs of litigation, or to budget for a possible settlement. The delay also meant that the City was unable to locate third-party witnesses to the stop, preserve evidence, or have an independent medical or psychological evaluation of Brinson relative to her emotional distress claim.

¶24 Brinson "bore the burden to produce evidence that the delayed notice of claim did not harm [the City's] ability to adequately defend its case." *E-Z Roll Off, LLC*, 335 Wis. 2d 720, ¶51. We agree with the circuit court's conclusion that Brinson failed to carry her burden. She produced no evidence in support of her lack-of-prejudice argument and failed to raise a genuine issue of

---

[9] WISCONSIN STAT. § 893.80 was renumbered by 2011 Wis. Act 162 § 1G, with subsection (1) being renumbered as subsection (1d).

material fact to preclude summary judgment. *Id.*, ¶¶49, 51. We conclude that the court properly dismissed Brinson's seven state law claims based on noncompliance with WIS. STAT. § 893.80(1d)(a).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.